USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/12/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA,

Plaintiff,

-against-

12 Cr. 844-08(RWS)

SENTENCING OPINION

NELSON GUSTAVO COLON-TORREZ,

Defendant.

----------------------------------------X

**Sweet, D.J.**

On March 3, 2014, Nelson Gustavo Colon-Torrez ("Colon-Torrez" or "Defendant") pled guilty to conspiracy to import marijuana into the United States, possession of a firearm during and in relation to a drug trafficking offense, conspiracy to commit money laundering, conspiracy to import cocaine into the United States, and conspiracy to possess with intent to distribute cocaine.

For the reasons set forth below, Colon-Torrez will be sentenced to 270 months' imprisonment followed by five years' supervised release, subject to the scheduled sentencing hearing on December 15, 2014. Defendant is also required to pay a special assessment of $500.

**Prior Proceedings**

Defendant was named in a five-count indictment (the "Indictment") filed in the Southern District of New York. The first count of the Indictment charges that from in or about 1996 to 2000, in the Southern District of New York and elsewhere, Colon-Torrez, a/k/a "Nelson Colon," and others known and unknown conspired to import 1,000 kilograms of marijuana into the United States in violation of 21 U.S.C. § 960(b)(1)(G) ("Count 1").

The second count of the Indictment charges that from 1996 to 2000, in the District of Puerto Rico, Colon-Torrez, during and in relation to a drug trafficking crime, possessed a nine millimeter Smith & Wesson handgun ("Count 2").

The third count of the Indictment charges that from 2010 to 2011, in the District of Puerto Rico, Colon-Torrez and others known and unknown conspired to launder the proceeds of narcotics trafficking, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i) ("Count 3").

The fourth count of the Indictment charges that in 2011, in the District of Puerto Rico, Colon-Torrez and others known and unknown conspired to import 5 kilograms and more of

cocaine into the United States in violation of 21 U.S.C. § 960(b)(1)(B) ("Count 4").

The fifth count of the Indictment charges that from 2011 to 2012, in the Southern District of New York and elsewhere, Colon-Torrez and others known and unknown conspired to distribute and possess with intent to distribute five kilograms and more of cocaine in violation of 21 U.S.C. § 841(b)(1)(A).

A forfeiture allegation contained in the Indictment states that as a result of committing the offenses charged in Counts 1, 3, 4 and 5, Colon-Torrez shall forfeit to the United States any property constituting proceeds from the offenses.

Defendant is scheduled to be sentenced on December 15, 2014.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through

consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines.  Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement . . . [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with respect to the offense conduct. These facts are summarized, in brief form, below.

From approximately 1996 to 2000, Colon-Torrez distributed marijuana in Puerto Rico, in part relying on a Mexican trafficking organization with operations in Texas and California, from whom he also learned how to import marijuana into the United States by hiding the marijuana inside piles of lumber that were loaded on to flatbed trucks. For several

months, Colon-Torrez possessed a nine millimeter Smith & Wesson pistol due to concerns about risks to his safety.

In 2010, Colon-Torrez transported drug proceeds in the amount of $500,000 to $2.9 million, using a small plane for his first trip, and a boat for the others. Also in 2010, Colon-Torrez began to transport cocaine from Tortola to Puerto Rico.

Between approximately October of 2011 and August 1, 2012, Colon-Torrez, Alfredo Vazquez Esparra, Eduardo Andino, Omar Aponte, Wilfredo Aquino, Julio Cesar Cruz Cordero, Alfonso Castillo, Antonio Gabriel Jimenez Baez, Ricardo Javier Martino-Serrano, Eric Fernandez and Pablo Ventura-Nieves conspired to transport approximately 2,000 kilograms of cocaine from Puerto Rico to New Jersey for ultimate distribution in the Southern District of New York and other locations. Colon-Torrez and others hid kilograms of cocaine in boxes of bamboo flooring which they shipped to New Jersey by using a Shipping Company, to which they provided fake paperwork. The pallets of wood flooring were often stored and broken up in a warehouse in Bayonne, New Jersey. The cocaine was then delivered to various individuals in various locations.[1]

---

[1] The offense conduct regarding this particular conspiracy is included in the recently filed sentencing opinions of Alfredo Vazquez Esparra and Pablo Ventura-Nieves.

**The Relevant Statutory Provisions**

The maximum term of imprisonment for Counts 1, 2, 4, and 5 is life imprisonment. The maximum term of imprisonment for Count 3 is 20 years. The term of imprisonment on Count 2 must be imposed consecutively to any other counts.

The Court is required to impose a term of supervised release of five years to life for Counts 1 and 4 (21 U.S.C. § 963; U.S.S.G. § 5D1.2(c)), of not more than five years for Count 2 (18 U.S.C. § 3583(b)(1); U.S.S.G. § 5D1.2(a)(1)), of not more than three years for Count 3 (18 U.S.C. § 3583(b)(2); U.S.S.G. § 5D1.2(a)(2)), and of at least five years for Count 5 (21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5D1.2(c)).

Defendant is not eligible for probation. 21 U.S.C. §§ 960(b)(1)(B)&(G); 21 U.S.C. §§ 841(b)(1)(A), 3561(a)(2) & (3); U.S.S.G. § 5B1.1(b)(2) & (3).

The maximum fine is $10,000,000 for Counts 1, 4 and 5 (21 U.S.C. § 960(b)(1)(G); 21 U.S.C. § 841(b)(1)(A)), $250,000 for Count 2 (18 U.S.C. § 3571(b)), and $500,000 for Count 3 (18

U.S.C. § 3571(b). A special assessment of $500 is mandatory pursuant to 18 U.S.C. § 3013.

**The Guidelines**

The November 1, 2014 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to § 1B1.11.

Counts 1, 3, 4, 5 are grouped for guideline calculation purposes. U.S.S.G. §§ 3D1.2(c) & (d)).[2] The guideline for 18 U.S.C. § 1956(h) offenses is found in U.S.S.G. § 2S1.1, pursuant to which a base level of 38 is calculated.

Because the Defendant was convicted of 18 U.S.C. 1956(g), the offense level is increased by two levels. U.S.S.G. § 2S1.1(b)(2)(B).

The Defendant has demonstrated acceptance of responsibility for the offense and has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by notifying authorities of the intention to enter a

[2] Count 2 cannot be grouped with any other count because, by statute, it requires a mandatory minimum five-year term of imprisonment.

plea of guilty. Accordingly, the offense level is decreased by three levels. U.S.S.G. § 3E1.1(a)-(b).

The Defendant has no known adult convictions. Pursuant to the sentencing table in U.S.S.G. Chapter 5, Defendant has zero criminal history points and a Criminal History Category of I.

Based on a total offense level of 37 and Criminal History Category of I, the guideline range of imprisonment is 210 months to 262 months, to be followed by mandatory consecutive five-year term of imprisonment on Count 2.

The statutory and guideline range for a term of supervised release is five years. 18 U.S.C. §§ 3583(b)(1) & (2); 21 U.S.C. § 841(b)(1)(A); 21 U.S.C. § 963; U.S.S.G. §§ 5D1.2(a)(1), (a)(2), (c). Multiple terms of supervised release shall run concurrently. 18 U.S.C. § 3624(e).

The Defendant is ineligible for probation. 21 U.S.C. §§ 960(b)(1)(B)&(G); 21 U.S.C. §§ 841(b)(1)(A), 3561(a)(2) & (3); U.S.S.G. § 5B1.1(b)(2) & (3).

The fine range for this offense is $20,000 to $20,500,000. This range reflects a two-level increase in the offense level, which is required. U.S.S.G. § 2K2.4(d)(1). Costs of prosecution shall be imposed on the Defendant, as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 24, 2014, provides a daily cost of $80.25, a monthly cost of $2,440.97, and an annual cost of $29,261.62 for imprisonment.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's

statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is warranted in the instant case.

**The Sentence**

For the instant offenses, Colon-Torrez shall be sentenced to a term of 270 months' imprisonment to be followed by five years' supervised release.[3]

As mandatory conditions of his supervised release, the Defendant shall:

1. Not commit another federal, state, or local crime.

2. Not illegally possess a controlled substance.

3. Not possess a firearm or destructive device.

4. Refrain from any unlawful use of a controlled substance. The Defendant shall submit to one drug testing within fifteen days of placement on

[3] With respect to his term of imprisonment: 210 months on Counts 1, 3, 4, and 5 and 5 years on Count 2 to run consecutively for a total of 270 months. With respect to his term of supervised release: 5 years each on Counts 1, 2, 4, and 5 to run concurrently. Three years on Count 3, to run concurrently.

probation or supervised release and at least two unscheduled drug tests thereafter, as directed by the probation officer.

5. Cooperate in the collection of DNA as directed by the probation officer.

The standard conditions of supervision (1-13) are recommended with the following special conditions:

1. The Defendant will participate in a program approved by the United States Probation Office, which program may include testing to determine whether the defendant has reverted to using drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider as approved by the Probation Officer. The defendant will be required to contribute to the costs of services rendered (co-payment), in an amount determined by the probation officer, based on ability to pay or availability of the third-party payment.

2. The Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The Defendant shall inform any other residents hat the premises may be subject to search pursuant to this condition.

3. The Defendant is to report to the nearest Probation Office within 72 hours of release from custody.

4. The Defendant is to be supervised by the district of residence.

It is further ordered that the Defendant shall pay to the United States a special assessment of $500, which shall be due immediately.

Defendant shall forfeit the Defendant's interest in any property constituting proceeds from the offense to the United States as indicated in the information. Fed. R. Crim. P. 32.2.

Defendant does not have the ability to pay a fine and so the fine in this case is waived.

The Defendant is ineligible for voluntary surrender. 18 U.S.C. § 3143(a)(2).

It is so ordered.

**New York, NY**
**December 12, 2014**

**ROBERT W. SWEET**
**U.S.D.J.**